UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JEAN EROLE OSCAR,

    Petitioner,

v.                                     Case No: 5:22-cv-281-BJD-PRL

WARDEN, FCC COLEMAN - USP II,

    Respondent.
_____

**ORDER**

    Petitioner, Jean Erole Oscar, a prisoner in the custody of the Federal Bureau of Prisons (BOP), initiated this action *pro se* by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1). Because he failed to use the Court-approved form, the Court directed him to file an amended petition using the form. *See* Order (Doc. 13). Petitioner did so, but he raised claims not cognizable under § 2241 and did not provide supporting facts for the one potentially cognizable (but apparently unexhausted) claim (Doc. 14).[1] Thus, the Court directed him to file a second amended petition, focusing solely on the

---

[1] Before Petitioner filed his amended petition, he filed a notice of appeal (Doc. 11). It was unclear what he was appealing. In the caption, he referenced this case number and a criminal action case number, and in the title and body of the filing, he referenced a "bankruptcy case" and bankruptcy rules. The Eleventh Circuit dismissed the appeal on March 7, 2023, for want of prosecution. *See* USCA Order (Doc. 20).

claim related to the alleged revocation of good time credits with supporting facts and an explanation of whether he exhausted his administrative remedies. *See* Order (Doc. 15).

Petitioner filed a second amended petition (Doc. 16; Sec. Am. Pet.), with a memorandum of law (Doc. 17; Pet. Mem.). He thereafter filed a motion to expedite (Doc. 18), a motion to appoint counsel (Doc. 21), and a motion to appoint a guardianship (Doc. 22). In his second amended petition, Petitioner concedes he primarily is challenging his underlying conviction and sentence, even though he has already unsuccessfully done so under 28 U.S.C. § 2255.[2] *See* Sec. Am. Pet. at 2, 4. He contends a remedy under § 2255 is inadequate or ineffective to challenge his conviction or sentence because "any claims presented in a second or successive habeas corpus application will be dismissed." *Id.* at 5. As relief, Petitioner seeks an order vacating his conviction and sentence and to be immediately released from prison. *Id.* at 8.[3]

A federal prisoner seeking to attack the legality of his sentence generally

---

[2] Petitioner is serving a sentence imposed by the United States District Court for the Southern District of Florida in 2014. He tried three times to have his sentence vacated by that court and was eventually "designated as a restricted filer after filing a series of frivolous motions" in the first such case. *See* Order (Doc. 8), Case No. 1:19-cv-22072-RNS (S.D. Fla. 2019). *See also* Order (Doc. 49), Case. No. 1:18-cv-21368-RNS (S.D. Fla. 2018) (striking filings and enjoining Petitioner from filing future documents in that case without leave of Court).

[3] Strangely, Petitioner also says he is "challenging" this Court's decision(s) or action(s) taken in this case. *See* Sec. Am. Pet. at 2.

2

must do so through a motion to vacate under § 2255 instead of through a petition for a writ of habeas corpus under § 2241. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017). Petitioner appears to invoke the Court's jurisdiction under § 2241 by claiming in Ground One that the BOP has improperly revoked his good time credits. *See* Sec. Am. Pet. at 7. But, as he did in his amended petition, he provides only a conclusory statement: "Good-conduct time credits . . . have been unconstitutionally taken from [me] . . . mak[ing] [my] time in prison longer." *Id*. Petitioner provides no supporting facts. *See id.*

Petitioner asserts three other grounds for relief, which are unrelated to an alleged revocation of good time credits: he is in "imminent danger of serious physical . . . injury while in custody" (Ground Two); he has been denied "conjugal visit[s] amount[ing] to loss of consortium" (Ground Three); and he had been denied "sexual partners in prison" (Ground Four). *Id.* at 7-8. Petitioner says he did not present any of the grounds he raises in his Petition in any administrative "appeals that were available to [him]." *Id.*

In his memorandum of law, Petitioner says he is challenging a disciplinary proceeding, but he offers no explanation or description of the disciplinary proceeding he seeks to challenge or the basis for the challenge. *See* Pet. Mem. at 1. Instead, he says the PLRA exhaustion requirement does not

3

apply to habeas petitions about disciplinary proceedings; suggests his First Amendment rights were violated, causing him to suffer emotional and mental distress; suggests he has been discriminated against based on race; suggests prison staff have not accommodated a disability; repeats, without elaboration or explanation, that he is in imminent danger of serious physical injury; suggests his "prolonged isolation" amounts to cruel and unusual punishment in violation of the Eighth Amendment; and suggests that he has been denied medical care for "physical, dental, and mental health." *Id.* at 1-5.

After being afforded an opportunity to cure the deficiencies in his first amended petition, Petitioner continues to assert claims that are not cognizable under § 2241 (those challenging his underlying conviction or related to his conditions of confinement) and again fails to include facts supporting his purported claim that the BOP improperly revoked his good time credits. Because Petitioner raises claims that are not cognizable under § 2241 and fails to provide facts supporting the one potentially cognizable claim, which appears to be unexhausted, this action is due to be dismissed without prejudice subject to Petitioner's right to initiate a new action if he chooses to do so.

Accordingly, it is now

**ORDERED:**

1. This case is **dismissed without prejudice**.

2. The **Clerk** shall enter judgment accordingly, terminate any pending motions as moot, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of March 2023.

                                                BRIAN J. DAVIS
                                      United States District Judge

Jax-6
c:
Jean Erole Oscar